UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BRAZEE,<br>Booking #23-2740,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>IMPERIAL COUNTY JAIL;<br>IMPERIAL COUNTY JAIL STAFF;<br>IMPERIAL COUNTY JAIL MEDICAL<br>STAFF; NURSE FRANCO,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:24-cv-00651-RBM-JLB<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1914(a)**<br><br>[Doc. No. 2] |

Plaintiff Gregory Allen Brazee, currently incarcerated at Imperial County Jail ("ICJ") in El Centro, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed *In Forma Pauperis*. (*See* Doc. 1 ("Compl."); Doc. 2 ("IFP").) Plaintiff claims the ICJ and mostly unidentified members of its medical staff, have failed to provide proper medical care for his infected leg. (*See* Compl. at 2–3, 5.)

///

///

1

I.      MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a).  The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  Using this financial information, the court "assess[es] and when funds exist, collect[s], … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)).  In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments.  *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023).  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

Here, Plaintiff's Motion to Proceed IFP does not include a certified copy of his ICJ trust account records for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2. Without these certified trust account statements, the Court is unable to determine whether Plaintiff is eligible to proceed IFP and cannot assess whether any initial partial filing fee is required to initiate the prosecution of his case. *See* 28 U.S.C. § 1915(b)(1).

## II.   CONCLUSION

Accordingly, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (Doc. No. 2);

(2) **DISMISSES** this civil action without prejudice for failure to prepay the $405 civil filing fee required by 28 U.S.C. § 1914(a);

(3) **GRANTS** Plaintiff forty-five (45) days from the date this Order in which to re-open this case by either: (a) prepaying the entire $405 civil filing and administrative fee in one lump-sum; or (b) filing a renewed Motion to Proceed IFP, which includes a prison certificate signed by an ICJ accounting official attesting as to his trust account balances and deposits for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b);[2] and

---

[2] Plaintiff is cautioned that if he chooses to re-open the case by either prepaying the full $405 civil filing fee, or by submitting a properly supported renewed Motion to Proceed IFP, his Complaint will be subject to an initial review and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full $405 filing fee at once, or is granted IFP status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").

(4)     **DIRECTS** the Clerk of the Court to mail Plaintiff a blank form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis" for his use and convenience should he re-elect to proceed IFP in this Court.  If he does, Plaintiff is advised to include S.D. Cal. Civil Case No. 24-cv-00651-RBM-JLB in the caption of his renewed Motion and/or any other subsequent document he wishes to file in this case.

Should Plaintiff fail to pay the $405 civil filing fee in full or complete and re-submit the renewed Motion to Proceed IFP provided together with the trust account certifications required by 28 U.S.C. § 1915(a)(2) within 45 days, his case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED.**

Dated:  April 17, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE