UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ALLEN BRAZEE, CDCR #AU-1732,<br><br>                                    Plaintiff,<br><br>         vs.<br><br>IMPERIAL COUNTY JAIL; IMPERIAL COUNTY JAIL STAFF; MEDICAL STAFF IN IMPERIAL COUNTY JAIL; FRANCO, Nurse,<br><br>                                    Defendants. | Case No.:  3:24-cv-00651-RBM-JLB<br><br>**ORDER GRANTING MOTIONS TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)**<br><br>**[Docs. 5, 6]** |

Plaintiff Gregory Allen Brazee, proceeding pro se while detained at the Imperial County Jail ("ICJ") in El Centro, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.)  Brazee claims the ICJ, unidentified staff at ICJ, and Nurse Franco have failed to properly respond to complaints of pain, swelling, and infection in his right leg. (*Id.* at 2–3.)  Brazee has not paid the filing fee required by 28 U.S.C. § 1914(a), but instead has filed two separate motions to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  (Docs. 5, 6.)

1

Having considered Brazee's filings, the Court **GRANTS** Brazee leave to proceed IFP, but **DISMISSES** his Complaint sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because it fails to state a plausible claim for relief against any named Defendant.

## I.    MOTIONS TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a).  The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

"While the previous version of the IFP statute granted courts the authority to waive fees for any person 'unable to pay[,]' … the PLRA [Prison Litigation Reform Act] amended the IFP statute to include a carve-out for prisoners:  under the current version of the IFP statute, 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'" *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)).  Section 1915(b) "provides a structured timeline for collecting this fee." *Id.* (citing 28 U.S.C. § 1915(b)(1)-(2)).

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for … the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113,

---

[1] In civil actions except for applications for a writ of habeas corpus, civil litigants bringing suit must pay the $350 statutory fee in addition to a $55 administrative fee.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14). The $55 administrative fee does not apply to persons granted leave to proceed IFP, however.  *Id.*

3:23-cv-00651-RBM-JLB

1119 (9th Cir. 2005).  Using this financial information, the court "shall assess and when funds exist, collect, … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)).  Thus, while prisoners may qualify to proceed IFP without having to pay the statutory filing fee in one lump sum, they nevertheless remain obligated to pay the full amount due in monthly payments.  *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Brazee's most recent IFP motion complies with both 28 U.S.C. § 1915(a)(1) and (2). In support of this Motion, Brazee has submitted a prison certificate issued by an ICJ Correctional Officer.  (Doc. 6 at 5.)  *See also* S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119.  This certificate reports Brazee maintained an average monthly balance of $.10 and $35 in average monthly deposits credited to his account over the 6-month period immediately preceding the filing of his Complaint.  At the time of filing, however, Brazee's available balance was only $.10.  (*See* Doc. 6 at 5.)

Based on this accounting, the Court **GRANTS** Brazee's Motions to Proceed IFP and assesses an initial partial filing fee of $7 pursuant to 28 U.S.C. § 1915(b)(1).  However, this initial fee need be collected only if sufficient funds are available in Brazee's account at the time this Order is executed.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on "failure to pay . . . due to the lack of funds available to him when payment is ordered.").  Pursuant to 28 U.S.C. § 1915(b)(2), the ICJ, or any agency later having custody, must forward payments to the Clerk until the full $350 statutory fee is paid.

3

3:23-cv-00651-RBM-JLB

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

### A.  <u>Standard of Review</u>

Because Brazee is a prisoner proceeding IFP, his Complaint is subject to a preliminary screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous and malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (Section 1915A screening "incorporates the familiar standard applied in the contest of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").  Federal Rules of Civil Procedure 8 and 12(b)(6) together require a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "The "mere possibility of misconduct" or unadorned, "the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard.  *Id.* at 678–79.  And while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply

essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B.      Factual Allegations**

Brazee's factual allegations are sparse.  He claims that on several occasions between the end of December 2023 and mid-March 2024, he complained of a swollen and painful right leg and foot to several ICJ nurses.  The nurses failed to take his complaints seriously, "brush[ed] [him] off," and told him to "put in a sick call."  (Doc. 1 at 3.)  Brazee further admits he filed several grievances requesting medical attention as directed, and ultimately was referred to an outside hospital for treatment for an infection.  (*Id.* at 3, 5.)  Brazee claims to have suffered nerve damage "[d]ue to this medical negligence," seeks unspecified "negotiable" amounts of compensatory damages, and an additional $80,000 in punitive damages.[2]  (*Id.* at 6.)

**C.      Discussion**

**1.      42 U.S.C. § 1983**

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (citation omitted).  "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law."  *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)).

Prison and jail officials act "under color of state law" when providing medical care to persons in their custody.  *See West v. Atkins*, 487 U.S. 42, 49–50 (1988) ("[G]enerally,

---

[2] "Although a municipality may be liable for compensatory damages in § 1983 actions, it is immune from punitive damages under the statute."  *Mitchell v. Dupnik*, 75 F.3d 517, 526 (9th Cir. 1996) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267 (1981)). "[C]onsiderations of history and policy do not support exposing a municipality to punitive damages for the bad-faith actions of its officials."  *City of Newport*, 453 U.S. at 271.

3:23-cv-00651-RBM-JLB

a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.").  Therefore, in order to determine whether Brazee has pleaded a plausible claim for relief, the Court need only decide whether the factual allegations in his Complaint are sufficient to show "each Government-official defendant, through the official's own individual actions, has violated the Constitution," and thus, may be held "liable for the misconduct alleged." *Iqbal*, 556 U.S. at 676, 678.

### 2. Official Capacity / Municipal Liability Claims

The Court first finds that to the extent Plaintiff seeks to sue all Defendants for damages based only on acts alleged to have been taken in their official capacities, *see* Doc. 1 at 2, his Complaint is subject to dismissal in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) because it fails to state a claim upon which relief can be granted.

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Such a suit "is *not* a suit against the official personally, for the real party in interest is the entity." *Id.* (emphasis original).  Thus, while "personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law," "official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* at 167 n.14 (citation omitted).

Here, Brazee names the ICJ, unidentified ICJ staff members, and Nurse Franco as Defendants, alleging all failed in their *official capacities* to provide him with adequate medical care.  (Doc. 1 at 2 (emphasis added).)  Brazee has not named the County of Imperial itself as a party, but the Imperial County Sheriff's Department operates the ICJ, which houses persons detained or sentenced within Imperial County.[3]  Because the ICJ is

---

[3] "The Imperial County Sheriff's Office, Corrections Division operates three jail facilities with combined bed space of 876 beds; housing male and female, sentenced and non-

managed by a sub-division of the County of Imperial, it may be and subject to suit as a "person" under § 1983. *Duarte v. City of Stockton*, 60 F.4th 566, 568 (9th Cir. 2023) ("[B]oth California municipalities and police departments are 'persons' amenable to suit under § 1983.") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 701 (1978); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 n.2 (9th Cir. 1988)); *see also Alonso v. Imperial Cnty. Sheriff Dep't*, No. 23CV5-LR, 2024 WL 2787880, at *6 (S.D. Cal. May 30, 2024) ("[T]he Imperial County Sheriff's Department is a 'person' within the meaning of 42 U.S.C. § 1983[.]") (citing *Duarte*, 60 F.4th at 574).

However, "a local government [and its entities] may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. Thus, to sustain a § 1983 claim, Brazee must show a policy or custom of Imperial County itself caused a violation of his constitutional rights. *See id.* Specifically, he must allege: (1) he had a constitutional right of which he was deprived; (2) the County had a policy, pattern, or practice; (3) the policy, pattern, or practice amounts to deliberate indifference to his constitutional right; and (4) the policy, pattern, or practice was "the moving force" (or cause) behind the constitutional violation. *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) ("*Gordon II*").

Brazee includes no allegations in his Complaint sufficient to plausibly meet any of these pleading requirements. *Iqbal*, 556 U.S. at 678. He claims only that he told ICJ Nurses Franco, Garza, and Lugo[4] on unspecified occasions between December 29, 2023, and March 22, 2024, that his leg and foot were swollen and painful, and that they "brush[ed] [him] off," or told him to "put in a sick call." (Doc. 1 at 3.) But a local governmental unit may not be held responsible for the acts of its employees under a *respondeat superior*

---

sentenced county and federal within the Imperial County." *See* https://icso.imperialcounty.org/jail/#info (last visited July 18, 2024).

[4] Brazee names Franco as a Defendant, but not nurses Garza or Lugo. (*See* Doc. 1 at 2, 3.)

7

3:23-cv-00651-RBM-JLB

theory of liability. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021) ("[A] municipality cannot be held liable solely because it employs a tortfeasor[.]") (citing *Monell*, 436 U.S. at 691). Instead, a municipality may be sued only when an employee is alleged to have committed a constitutional violation while "acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker." *Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (citing *Monell*, 436 U.S. at 694). Allegations of a "single incident of unconstitutional activity," or even a series of "isolated or sporadic incidents," do not give rise to liability under § 1983. *Gant v. Cnty. of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014) (citation omitted).

Nothing in Brazee's Complaint plausibly suggests Nurse Franco or any ICJ staff member acted pursuant to an Imperial County policy, custom, or practice that caused him injury. *Brown*, 520 U.S. at 403; *see also Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (The "first inquiry in any case alleging municipal liability under § 1983 is … whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.") (citing *City of Canton*, 489 U.S. at 385). For this reason alone, his Complaint fails to state a claim upon which § 1983 relief can be granted, and requires sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**3.    Inadequate Medical Care Claims**

To the extent Brazee seeks damages and may wish to amend his pleading to sue individual ICJ medical officials based on their alleged personal failures to provide him adequate medial care, the Court further finds that as currently pleaded, his Complaint fails to allege facts sufficient to plausibly show a constitutional violation on the part of the County *or* any of its employees. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("[W]hen a plaintiff sues a defendant for damages, there is a presumption that he is seeking damages against the defendant in his personal capacity.") (citing *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999)); *Iqbal*, 556 U.S. at 678; *Castro*, 833 F.3d at 1076.

8

Instead, Brazee contends ICJ medical staff merely failed to take his complaints "seriously" and negligently "misdiagnosed" or "mistreated" him.   (Doc. 1 at 3.)

The deliberate indifference required to sustain a municipal liability claim under § 1983 is an objective inquiry, *see Castro*, 833 F.3d at 1076, and like the inadequate medical care alleged to have been provided to Brazee by individual ICJ medical staff members, it requires factual allegations that amount to more than negligence.  Objective deliberate indifference is "more than negligence but less than subjective intent—something akin to reckless disregard."  *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) ("*Gordon I*") (citing *Castro*, 833 F.3d at 1070).  Medical care constitutes punishment under the Fourteenth Amendment[5] only if it was made—or denied—with objective deliberate indifference to the detainee's medical needs.  *Id.*

Thus, to the extent Brazee may seek to sue any ICJ medical official in his or her individual capacity, he must amend his pleading to must allege: (i) each defendant made an intentional decision with respect to the conditions under which he was confined; (ii) those conditions put him at substantial risk of suffering serious harm; (iii) each defendant failed to take reasonable available measures to abate that risk, "even though a reasonable

---

[5] The Court presumes for purposes of initial screening that Brazee's inadequate medical care claims arise under the Due Process Clause of the Fourteenth Amendment because he was a pretrial detainee at the ICJ at the time his claims accrued.  *See Gordon I*, 888 F.3d at 1124 ("[M]edical care claims brought by pretrial detainees [] "arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause.") (citing *Castro*, 833 F.3d at 1067–68).  If instead Brazee was convicted at the time his claims arose, he must clarify his status and allege *subjective* deliberate difference on the part of each individual defendant he seeks to sue.  "A prison official cannot be found liable under the Cruel and Unusual Punishment Clause for denying an inmate humane conditions of confinement 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Castro*, 833 F.3d at 1068 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  "In other words, the official must demonstrate a subjective awareness of the risk of harm." *Id.*

3:23-cv-00651-RBM-JLB

official in the circumstances would have appreciated the high degree of risk involved—making the consequences of [that] defendant's conduct obvious;" and (iv) by not taking such measures, each defendant caused Brazee's injuries. *Gordon I*, 888 F.3d at 1125. "With respect to the third element, [each] defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of [his] particular case.'" *Id.* (quoting *Castro*, 833 F.3d at 1071 (citations omitted)). The "'mere lack of due care by a [county] official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Id.* (quoting *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986)).

### III.    CONCLUSION

Accordingly, for all the reasons discussed, the Court:

1.    **GRANTS** Brazee's Motions to Proceed IFP (Docs. 5, 6).

2.    **ORDERS** the Facility Commander of the ICJ, or his designee, to collect from Brazee's trust account the $7 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Claudio's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Facility Commander, Imperial County Jail, 1328 Sperber Road, El Centro, California 92243.

4.    **DISMISSES** Brazee's Complaint in its entirety for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and

5.    **GRANTS** Brazee until **September 5, 2024** to file an Amended Complaint which cures all the deficiencies of pleading noted. Brazee's Amended Complaint must be complete by itself without reference to his original Complaint. Any Defendant not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d

1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend and not re-alleged in an amended pleading may be considered "waived if not repled.").

If Brazee fails to file an Amended Complaint by September 5, 2024, or if the Amended Complaint he files fails to address the pleading deficiencies noted in this Order, the Court will enter a final Order dismissing this civil action based on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and/or his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  July 19, 2024

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:23-cv-00651-RBM-JLB