UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ALLEN BRAZEE, ICJ #23-2740,<br><br>                  Plaintiff,<br><br>vs.<br><br>IMPERIAL COUNTY JAIL; IMPERIAL COUNTY JAIL STAFF; MEDICAL STAFF IN IMPERIAL COUNTY JAIL; FRANCO, Nurse,<br><br>                  Defendants. | Case No.: 3:24-CV-00651-RBM-JLB<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER** |

Plaintiff Gregory Allen Brazee, proceeding pro se while detained at the Imperial County Jail ("ICJ") in El Centro, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 5, 2024. (Doc. 1.) Brazee claimed the Imperial County Jail staff failed to properly attend to his medical needs on several occasions between December 2023 and March 2024. (*Id.* at 3.) Brazee did not pay the filing fee required by 28 U.S.C. § 1914(a), but instead filed two separate motions to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (Docs. 5, 6.) On July 19, 2024, the Court granted Brazee leave to proceed in forma pauperis but dismissed his Complaint *sua sponte* for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (Doc. No. 7.)

The Court's July 19, 2024 Order explained Brazee's pleading deficiencies and gave him until September 5, 2024 to file an Amended Complaint. (*Id*. at 6–10.) The Court also informed Brazee that if he failed to timely amend, it would enter a final judgment of dismissal based on his failure to state a claim and his failure to prosecute in compliance with the Court's Order requiring amendment. (*Id*. at 11 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").)

More than seven months have passed since Brazee's Amended Complaint was due, but he has neither filed one nor sought an extension of time in which to do so. This Court has discretion to *sua sponte* dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order). "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). Because the Court has informed Brazee of his need to timely amend but he has failed to do so, factors one, two, and four weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("The trial judge is in the best position to determine whether

the delay in a particular case interferes with docket management and the public interest."); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (a court is not required to exhaust all alternatives prior to dismissal). Factor five also does not weigh against dismissal. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.,* 460 F.3d 1217, 1227 (9th Cir. 2006) (the public policy favoring disposition on the merits does not weigh against dismissal where plaintiff's "conduct impedes progress in that direction.") Finally, because Brazee has failed to file a pleading that survives initial screening, no party has yet to appear. Therefore, only factor three fails to support dismissal. *See Pagtalunan*, 291 F.3d at 642 (where defendants have not appeared, "[w]e have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal.").

Taken all together, the Court finds the weight of these factors favors dismissal. Therefore, entry of a final judgment is appropriate. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("We may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.") (internal citation omitted) (quoting *Ferdik*, 963 F.2d at 1263).

## CONCLUSION AND ORDER

For the reasons set forth above, the Court **DISMISSES** this civil action without prejudice based on Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and for failure to amend as required by the Court's July 19, 2024 Order. The Court further **CERTIFIES** that an in forma pauperis appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: May 1, 2025

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE